IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | Crim. No. 03-60030-HO |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| PAULINO SANCHEZ-GOMEZ, | |
| Defendant. | |

The court sentenced defendant on October 28, 2003. Defendant did not appeal. Defendant filed an amended motion to vacate his sentence.

## Discussion

Relying on United States v. Booker, 125 S.Ct. 738 (2005), defendant argues that his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated when the court (1) considered only the United States Sentencing Guidelines when imposing sentence, and (2) conducted

judicial fact-finding using a preponderance of the evidence standard of proof, rather than requiring that the predicate facts be set forth in an indictment and proved to a jury beyond a reasonable doubt.

Although the Ninth Circuit has not decided the question, several federal courts of appeal hold that Booker does not apply retroactively on collateral review. See e.g. McReynolds v. United States, 397 F.3d 479(7th Cir. 2005). There is persuasive authority for the proposition that existing Ninth Circuit precedent does not definitely answer whether Booker and Blakely v. Washington, 124 S.Ct. 2531 (2004) apply retroactively. United States v. Siegelbaum, 359 F.Supp.2d 1104, 1108 (D.Or. 2005) (Panner, J.). Even if the cases apply retroactively, defendant does not prove he is entitled to relief because he does not dispute the facts which determined his sentence. Id. at 1108-10.

## Conclusion

Based on the foregoing, defendant's amended motion to vacate sentence [#37] is denied.

IT IS SO ORDERED.

DATED this 13th day of June, 2005.

_____
Michael E. Hogan
United States District Judge